PICKETT, Judge.
Howell Burr May died, intestate, domiciled in East Baton'Rouge Parish, Louisiana, on April 26, 1974.
It is contended by Kathryn Eileen Robinson that he died leaving two forced heirs, namely, herself, as an adopted child, and Carolyn May Smith, the legitimate daughter of the marriage of Decedent to Kathryn *708 Bradley May, the said Kathryn Bradley May having preceased Decedent.
On July 12, 1974, the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, signed a Judgment of Possession, recognizing Carolyn May Smith as the sole child and heir of Decedent. This Judgment was based on the ex parte petition, with attachments, all regular on their face, presented to the Court by Carolyn May Smith, alleging herself to be the sole child and heir of Decedent, alleging, among other things, that Decedent never adopted anyone.
One day prior thereto, on July 11, 1974, Kathryn Eileen Smith, having learned of the impending Succession proceeding filed, pursuant to Article 2971 of the Code of Civil Procedure, a “Notice of Opposition” to the filing by Carolyn May Smith of the aforesaid Petition of Possession, alleging, among other things, that she, Kathryn Eileen Robinson, was an adopted child of Decedent, and therefore a co-heir, with Carolyn May Smith, to the estate of her adoptive father, and sought to be recognized as such.
Defendant, Carolyn May Smith, answered this petition of opposition, denying that Decedent was the adoptive father of Kathryn Eileen Robinson, and denies that Kathryn Eileen Robinson is an heir of Decedent.
There was no testimony in this case. All evidence was documentary and was presented on briefs.
From a Judgment in favor of Kathryn Eileen Robinson, rendered on March 7, 1975, and signed on April 17, 1975, recognizing her as the adopted child of Decedent, and following denial of a Motion for a New Trial, Defendant-Appellant appeals.
La.C.C.P., Article 865 provides that “Every pleading shall be so construed as to do substantial justice.” This Court, as did the Trial Court below, will construe the Plaintiff-Appellee’s pleading, termed by her as a “Notice of Opposition”, as a petition to re-open the Succession, as authorized by La.C.C.P., Article 3393, since Plaintiff alleges she is a forced heir of Howell Burr May and her rights as such were not recognized in 'his Succession.
The facts, as established by the documents filed in the record disclose that Decedent, Howell Burr May, was married one time and then on March 26, 1918, to Kathryn Bradley May.
The Succession of Kathryn Bradley May, filed by Howell Burr May, on February 26, 1968, as Number 21,787, Probate Docket I, East Baton Rouge Parish, Louisiana, with Judgment of Possession rendered that same date, recites that his wife, Kathryn Bradley May, died November 21, 1967, intestate, domiciled in East Baton Rouge Parish, Louisiana, and that one child was adopted by Decedent, Kathryn Bradley May, and petitioner, Howell Burr May, namely, Kathryn Eileen Robinson, in 1930, and only one child, namely, Carolyn May Smith, was born of the marriage in 1932. The Judgment of Possession recognized Kathryn Eileen Robinson and Carolyn May Smith as the children and sole heirs of the Decedent, Kathryn Bradley May.
The documentary evidence further establishes that sometime during 1929 Howell Burr May and his wife, Kathryn Bradley May, retained an attorney (now Retired Chief Justice Joe B. Hamiter) to handle an adoption proceeding for them, in Caddo Parish, whereby they were seeking to adopt an infant child, born May 1, 1929, namely Kathryn Eileen May, who is the present Kathryn Eileen Robinson.
Plaintiff-Appellee was unable to produce either the original Act of Adoption, or a copy of same.
The Clerk of Court, Caddo Parish, Louisiana, has been unable to find where this adoption proceeding was .ever filed in his office, nor is there evidence that it is in fact on file any where.
*709 We also note, as a part of the evidence, the sworn petition of Howell Burr May, in the matter of the Succession of his wife, Kathryn Bradley May, Probate Number 21,787, Docket I, Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, in which Mr. May affirmatively declared that he and his wife, in 1930, adopted a child, namely, Kathryn Eileen Robinson, wife of E. David Robinson. This “adopted” child, along with a natural child, Carolyn May Smith, Defendant-Appellant herein, was duly recognized by the Court as an heir of the Decedent, Mrs. May, in the Judgment of Possession, read, signed and filed February 26, 1968.
These same two parties, namely, Kathryn May Robinson and Carolyn May Smith, subsequently, on August 27, 1973, executed an Act of Exchange between them, in which they mutually recognized each other’s rights in certain property they had acquired in the above referred to Succession of Mrs. May, and made designated exchanges of certain real estate.
Among the several documents filed in evidence by Plaintiff-Appellee were two affidavits by the said Honorable Joe B. Hamiter, who declared that in 1929 he, as Attorney for Mr. and Mrs. Howell Burr May, prepared an Act of Adoption, for them, pursuant to the then existing statutory requirements, and that it was properly executed by the said Mr. and Mrs. May, as adoptive parents of the child involved, and that the Mother of the child also came to his office and signed the adoption instrument to permit the adoption of the child, born May 1, 1929, and given the name, “Kathryn Eileen May” in the adoption papers. He said he gave a certified copy of the Act of Adoption to the adoptive parents. This copy was later destroyed by Mr. May because he and his wife hoped that they would never have occasion to tell the child of her adoption. However, at age 13 years she was told of her adoption by her adoptive parents.
The controlling law on adoptions at that time was Act Number 13 of 1928, which provided, in pertinent part, as follows:
“To provide for the filing and recording of acts of adoption. Section 1. Be it enacted by the Legislature of Louisiana, That all acts of adoption shall be filed with the Clerk of Court and Ex-Officio Recorder of the Parish where said Act of Adoption was executed.
Section 2. That the Clerks of Court and Ex-Officio Recorders throughout the State of Louisiana, shall record all acts of adoption in the Conveyance Records and for which recording they shall be entitled to charge as provided for by the existing laws providing for recorder’s fees; provided that failure to so record any act of adoption shall not invalidate the adoption.”
Defendant-Appellant has levelled a two-pronged attack against the claim of Plaintiff-Appellee, namely, first, Defendant-Appellant denies that Plaintiff-Appellee has proved the existence of a lawful Act of Adoption; and, second, that Plaintiff-Ap-pellee has failed to prove that an Act of Adoption was filed and recorded, which she contends must be done to meet the strict compliance requirements of said Act 13 of 1928.
We will first consider the question of the proof of the existence of a lawful Act of Adoption.
In the case of Lyons v. Goodman, La. App., 78 So.2d 424, which was an adoption case including very similar facts and issues, this Court, in a discussion of L.S.A.-C.C. Art. 2279, applied the general rule regarding proof of lost or destroyed instruments, holding:
“The jurisprudence of Louisiana is well settled to the effect that any instrument which has been lost or destroyed may be proved by secondary evidence. The manner of proof varies with the nature and kind of document.”
*710 Considering all of the evidence presented, and with particular emphasis on the affidavits of Retired Chief Justice Joe B. Hamiter, this Court concludes that an Act of Adoption was in fact lawfully prepared and signed, and that in this Act of Adoption Mr. and Mrs. Howell Burr May adopted the child, Kathryn Eileen May, in the year 1929.
With reference to the contention that the Act of Adoption was never filed, and that this is a formal requirement of Act 13 of 1928, note must be taken of that portion of one of the affidavits of Retired Chief Justice Hamiter which declares :
“. A certified copy of the act was given to them.”
Justice Hamiter further declares:
“That to the best of his recollection the adoption was handled and completed in compliance with all formalities of the existing law and jurisprudence and was in fact accomplished.”
The existence of a certified copy would presuppose a filing of the original. However, we were not required to adjudicate on this point in view of the provisions of Act 46 of 1932.
The Legislature of Louisiana, by Act 46 of 1932, superseded notarial adoptions by judicial proceedings, and Section 13 of that statute, in order to cure any irregularities in previous adoptions, provided:
“Section 13. That any and all adoptions heretofore made, be and they are hereby confirmed, approved and validated, and that any action to set aside or annul any act of adoption made prior to the passage of this act shall be prescribed after the lapse of six months from and after the promulgation of this act; but this prescriptive period shall apply solely to actions having the purpose of setting aside and annuling acts of adoption by reason of such adoption not having been effected by an authentic act, but by private act before witnesses and acknowledged, or that all necessary parties did not sign the act of adoption.”
In view of our finding that the evidence establishes that a lawful Act of Adoption was in fact executed, by all interested parties, and the contents thereof established, and proof having been made that said Act of Adoption has been lost or destroyed, we find that any defects or irregularities were cured by the provisions of Article 46 of 1932. This Court, in reaching this conclusion, is following its previous conclusion arrived at in the case of Lyons v. Goodman, 78 So.2d 424 (La.App. 1st Cir. 1955) involving very similar facts and issues. .
Judgment affirmed.
Defendant-Appellant to pay all costs.